UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MOHAMED MOUSSAIF,<br><br>*Plaintiff*<br><br>v.<br><br>PAUL REVERE TRANSPORTATION, LLC,<br><br>*Defendant* | Civil Action No. 1:19-cv-11134 |

### ANSWER TO COMPLAINT

Defendant Paul Revere Transportation, LLC ("Defendant" or "PRT") hereby answers the Complaint as follows:

### INTRODUCTION

As no factual allegations are contained in this section, no response is required. To the extend this section contains factual allegations, Defendant denies them.

### PARTIES

1. Defendant is without sufficient information to admit or deny whether Plaintiff resides at the stated address.

2. Admitted.

### JURISDICTION AND VENUE

3. As this paragraph pertains to when this action was pending in Suffolk County Superior Court, no response is required.

4. As this paragraph pertains to when this action was pending in Suffolk County Superior Court, no response is required.

# FACTS

5. Admitted.

6. Admitted as to first sentence. As to second sentence, Defendant does not dispute that Plaintiff satisfied the time of service and hours worked requirements of the FMLA at the time of his FMLA leave in 2017. Defendant denies all further allegations.

7. Defendant admits that Plaintiff never received any formal reprimands or complaints about his job performance during his employment and that he was regarded by Defendant favorably and as a good employee. Defendants further admit that Plaintiff would cover hours for other bus operators and work extra hours, which he was compensated for. Defendant is without sufficient information to admit or deny the balance of the allegations in this paragraph.

8. Admitted.

9. Defendant admits that, sometime in September 2017, Plaintiff requested medical leave due to a flaring herniated disc and that he was granted medical leave and that he provided all documentation requested by Defendant to support the granting of such medical leave. Defendant denies that Plaintiff submitted all required documentation on September 14, 2017 and denies any further allegations in this paragraph.

10. Admitted.

11. Denied.

12. Defendant admits that it granted Plaintiff unpaid medical leave on or about September 21, 2017 for the period October 7 through December 1, 2017.

13. Admitted.

14. Admitted.

15. Defendant admits that Plaintiff started the test and did not provide a sufficient sample. It is without sufficient information to admit or deny whether Plaintiff was unable to provide a sample or was simply unwilling. Defendant denies any further allegations in this paragraph.

16. Denied. Based on the information provided to Defendant, the technician told Plaintiff that he could drink up to 40 ounces of water, that had three hours to provide a sample, that he could not leave the testing site, and that, if he did leave, it would be considered a refusal.

17. Defendant is without sufficient information to admit or deny whether the technician gave Plaintiff permission to call Defendant. Defendant states that it is its understanding that technician escorted Plaintiff to waiting room for him to wait there and not leave. Defendant denies all other allegations in this paragraph.

18. Defendant agrees with Plaintiff that Plaintiff walked out of the waiting room. Defendant denies that, when Plaintiff left the waiting room, he was visible to the technician. Defendant has insufficient information to admit or deny the allegation as to why Plaintiff left the waiting room. Defendant denies all other allegations in this paragraph.

19. Defendant states that Roskett had two telephone conversations with Plaintiff and that, during the first, Plaintiff stated that he had not been able to provide a sample as he had gone to the bathroom on the way to the testing site and that Roskett instructed him to stay at the site, drink water, and wait until he could provide a sample, and that, during the second, Plaintiff admitted that he had left the testing site. Defendant denies all other allegations in this paragraph.

20. Denied.

21. Defendant admits that, after receiving a call from the test site and receiving confirmation that Plaintiff had left the test site, Roskett called Plaintiff and, after Plaintiff

acknowledged that he had left the test site, Roskett informed him that he was terminated for his refusal to properly take the test. Defendant denies all other allegations in this paragraph.

22. Denied.

23. Admitted.

24. Denied.

25. Admitted.

26. Aside from Plaintiff's refusal to take the drug test, Defendant had no information respecting whether or not Plaintiff took drugs and had no information respecting his alcohol use. Defendant admits that, aside from the final test, which Plaintiff failed for refusal, Plaintiff had never failed any previous drug test. Defendant denies any other allegations in this paragraph.

27. Defendant denies that it unlawfully terminated Plaintiff. It is without sufficient information to admit or deny to what extent Plaintiff has received compensation from other employers since his termination.

**COUNT ONE:  VIOLATION OF THE FMLA (29 U.S.C. §§2601-2654)**

28. Defendant repeats is responses above.

29. This paragraph does not make a factual allegation and, as such, no response is required. To the extent that a response is required, Defendant states that the wording of the FMLA can be provided in the statute itself and that the quoted language is found in the FMLA.

30. This paragraph does not make a factual allegation and, as such, no response is required. To the extent that a response is required, Defendant states that the wording of the FMLA can be provided in the statute itself and that the quoted language is found in the FMLA.

31. This paragraph does not make a factual allegation and, as such, no response is required. To the extent that a response is required, Defendant states that the wording of the FMLA can be provided in the statute itself and that the quoted language is found in the FMLA.

32. Defendant admits that it granted Plaintiff FMLA leave from October 7, 2017 to December 1, 2017 and does not dispute that Plaintiff was entitled to such leave under the FMLA. It denies all other allegations in this paragraph.

33. Denied.

34. Denied.

### COUNT TWO: RETALIATION IN VIOLATION OF THE FMLA
### (29 U.S.C. §§ 2601-2654)

35. Defendant repeats its responses stated above.

36. Defendant admits that it terminated Plaintiff's employment. The rest of this paragraph asserts a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any additional allegation in this parapgrhs.

37. Defendant states that it terminated Plaintiff's employment as Plaintiff failed the drug test which he was required to pass before he could return to work. Plaintiff failed it as he refused to take it consistent with Defendant's drug policy and federal regulations.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exercise reasonable diligence to mitigate damages.

5. Defendant's actions were mandated by federal law, including Department of Transportation regulations.

6. Plaintiff's claims are preempted by federal law, including by Department of Transportation regulations.

7. Defendant's actions were mandated by the terms of the pertinent collective bargaining agreement as well as its drug testing policy, which was incorporated into such collective bargaining agreement.

8. Defendant's actions toward Plaintiff were in furtherance of and mandated by its drug testing policy, which required Plaintiff to take a pre-employment drug test since he had been out of work for more than 30 days and which mandated that any refusal to take a pre-employment drug test would render the person ineligible for employment.

9. Even if the information provided to Defendant by the drug testing facility turns out to be incorrect, Employer reasonably relied on such information in determining that Plaintiff had refused the test and in deciding to terminate Plaintiff's employment.

10. Defendant's reasons for terminating Plaintiff's employment were legitimate and did not relate to Plaintiff having exercised his right to FMLA leave.

11. Any act or omission of Defendant in violation of the FMLA was done in good faith and upon reasonable grounds for believing the act or omission was not in violation of the FMLA such that, inter alia, no liquidated damages should be awarded pursuant to 29 U.S.C. § 2617(a)(1)(A).

DEFENDANT DEMANDS A JURY ON ALL CLAIMS SO TRIABLE.

Respectfully Submitted,

The Defendant,

PAUL REVERE TRANSPORTATION, LLC,

By its attorney,

*/s/ William T. Harrington*
William T. Harrington
Harrington Law, P.C.
738 Main Street
Hingham, MA 02043
(781) 385-7230
wharringtonlaw@gmail.com
BBO No 564445

Dated:  June 14, 2019

CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2019, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 14, 2019.

*/s/ William T. Harrington*